UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DONNA WILLIAMS,**

    Plaintiff,

v.                                              Case No.:

**SAINT LEO UNIVERSITY INCORPORATED,**

    Defendant.

_____/

## COMPLAINT

Plaintiff, DONNA WILLIAMS, by and through her undersigned counsel, sues Defendant, SAINT LEO UNIVERSITY INCORPORATED and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.[1]

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Plaintiff, Donna Williams, is a female citizen of the United States residing in Hillsborough County, Florida.

4. Defendant, Saint Leo University Incorporated, is a Florida Corporation, licensed and authorized to conduct business in this judicial district.

5. At all times material, Plaintiff was an employee of the Defendant.

---

[1] Plaintiff has also filed a charge of discrimination/retaliation with the EEOC and intends to amend her complaint upon receiving a right to sue notice.

## GENERAL ALLEGATIONS

6. At all times material herein, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7. At all times material herein, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant as the AVP of Brand Marketing.

10. On or about May 5, 2019, Plaintiff filed a formal ethics complaint with Saint Leo's ethics hotline to report that her supervisor, the VP of Marketing, among other matters, was discriminating against and unfairly scrutinizing and denying an African-American subordinate equal employment benefits as similarly situated Caucasian employees.

11. On or about May 6, 2019, Plaintiff also met with and shared her concerns with Saint Leo's President.

12. Immediately after filing her complaint, her supervisor retaliated against her.

13. On or around May 7, 2019, Plaintiff's supervisor made sarcastic remarks about her in a meeting, undermined her authority and embarrassed Plaintiff.

14. The same day, he approached Plaintiff aggressively and yelled at her in front of her staff.

15. Plaintiff reported her supervisor's behavior towards her to Saint Leo's President and Human Resources Compliance Director. On or around May 8, 2019, Plaintiff met with Saint Leo's Human Resources Compliance Director to discuss her concerns.

16. On or around June 4, 2019, Plaintiff met with Human Resource Representatives. Instead of focusing on her concerns, HR interrogated Plaintiff about her employment with Saint Leo and notified her that she was "under investigation." HR continued to interrogate Plaintiff for 2.5 hours on matters unrelated to her complaints regarding her supervisor the discriminatory treatment of subordinates she had witnessed.

17. At the conclusion of the meeting, Plaintiff was suspended and stripped of her entry badge, laptop, and email access, and was instructed to not communicate with any of her former co-workers during my suspension.

18. Plaintiff's suspension lasted for approximately three weeks.

19. On June 24, 2019, I was summoned to meet with Saint Leo's HR representatives, and rather than reinstate her to her former position, Plaintiff was terminated on the spot.

## COUNT I
## 42 U.S.C. § 1981 RETALIATION

20. Plaintiff realleges and incorporates by reference paragraphs one (1) through nineteen (19) as though set forth fully herein.

21. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by 42 U.S.C. § 1981.

22. The above described acts of retaliation constitute a violation of 42 U.S.C. § 1981.

23. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, DONNA WILLIAMS, prays for the following damages against Defendants:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Prejudgment and post-judgment interest;

    e.    Compensatory damages for emotional pain and suffering;

    f.    Punitive damages;

    g.    Injunctive relief;

    h.    Reasonable attorneys' fees and costs;

    i.    Any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

1. Plaintiff demands a trial by jury on all issues so triable.

Dated this 8th day of October, 2019.

                                        **FLORIN GRAY BOUZAS OWENS, LLC**

                                        */s/ Miguel Bouzas*
                                        **MIGUEL BOUZAS, ESQUIRE**
                                        Florida Bar No.: 48943
                                        Primary:    miguel@fgbolaw.com
                                        Secondary:  gina@fgbolaw.com
                                          **WOLFGANG M. FLORIN, ESQUIRE**
                                        Florida Bar No.: 907804
                                        wolfgang@fgbolaw.com
                                        16524 Pointe Village Drive, Suite 100
                                        Lutz, FL 33558
                                        Telephone (727) 254-5255
                                        Facsimile (727) 483-7942

                                        *Trial Attorneys for Plaintiff*